UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:17-cv-22619

ELAZAR YACOB KRISPIN,

 Plaintiff,

vs.

BAYWATCH BOAT RENTALS,
TOURS & CHARTERS, INC. and
CAPTAIN JOE'S BOAT CLUB,
INC.,

 Defendants.
_____/

## COMPLAINT

Plaintiff, ELAZAR YACOB KRISPIN (hereinafter "KRISPIN"), by and through his undersigned counsel, and pursuant to Fed.R.Civ.P. 1.100 hereby files its Complaint against Defendants, BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC. (hereinafter "BAYWATCH") and CAPTAIN JOE'S BOAT CLUB, INC. (hereinafter "CAPTAIN JOE'S") (hereinafter collectively the "DEFENDANTS"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for maritime negligence. The amount in dispute in this case exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

2. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the Plaintiff and Defendant are domiciled in Canada and Florida, respectively, and the amount in controversy exceeds the jurisdictional limit.

3. Plaintiff, ELAZAR YACOB KRISPIN ("KRISPIN") is a resident of Canada.

4. Defendant, BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC. is a Florida company with its principal address located at: 7601 East Treasure Drive, North Bay Village, Florida 33141.

5. Defendant, CAPTAIN JOE'S BOAT CLUB, INC. was a Florida company with its principal address located at 7904 West Drive, North Bay Village, Florida 33141.

6. Venue is proper because the DEFENDANTS' principal place of business is located within the Southern District of Florida and the incident at issue in this lawsuit occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS

7. BAYWATCH operates its business at 7904 West Drive, North Bay Village, Florida 33141.

8. CAPTAIN JOE'S operated its business at the same location as BAYWATCH. Both companies are owned and operated by the same principal, Joaquin Ramirez.

9. Upon information and belief, BAYWATCH is the owner and/or operator of the vessels it uses in the course and scope of business and the vessels are considered dangerous instrumentalities under Fla. Stat. §327.32.

10. Upon information and belief, BAYWATCH and CAPTAIN JOE'S is the owner and/or operator of the vessels it uses in the course and scope of business and the vessels are considered dangerous instrumentalities under Fla. Stat. §327.32.[1]

11. BAYWATCH and CAPTAIN JOE'S rent or charter vessels, together with inflatable rafts and tow ropes.

12. On or about July 14, 2014, KRISPIN arrived at BAYWATCH and/or CAPTAIN

---

[1] The vessel was registered to a fictitious name: Captain Joe's Boat Rentals, Tours & Charters. This is the DBA used by Defendants in the operation of their business(es).

JOE'S located at 7904 West Drive, North Bay Village, Florida 33141 with his family in order to rent or charter a deck boat, which included among other things, an inflatable raft and a tow rope.

13. On or about July 14, 2014, KRISPIN and his family rented or chartered a deck boat, which included among other things, an inflatable raft and a tow rope, from BAYWATCH and CAPTAIN JOE's (collectively "DEFENDANTS").

14. DEFENDANTS provided KRISPIN and his family with a captain to operate the deck boat for them.

15. At all times material, DEFENDANTS and their captain, operated the deck boat with more than six (6) passengers, including KRISPIN.

16. Once under way, DEFENDANTS' captain directed KRISPIN and his sister to board the inflatable raft for a tow ride behind the deck boat.

17. At all times material, DEFENDANTS and their captain failed to give any warnings, instructions and/or directions to KRISPIN other than to "hold on."

18. DEFENDANTS' captain further assured KRISPIN that the inflatable boat and its tow rope were in a safe and operable condition.

19. Thereafter, DEFENDANTS' captain proceeded to operate and maneuver the deck boat at an unsafe speed and erratically.

20. During the ride, the tow rope snapped, which caused the inflatable raft to buck or jerk suddenly, and KRISPIN to fall and sustain traumatic injuries to his shoulder and extremities, for which he required surgery.

21. At no time did KRISPIN read, review, or execute a waiver or release of liability.

## COUNT I – NEGLIGENCE AGAINST BAYWATCH

22. KRISPIN re-alleges and re-asserts the allegations contained in paragraphs 1

through 21 above, as if fully set forth herein.

23. BAYWATCH owned and operated the boat and its appurtenances (including the tow rope) that towed the inflatable raft and owes a high standard of care in operating dangerous instrumentalities per Fla. Stat. §327.32 to its passengers or customers, which KRISPIN was.

24. BAYWATCH breached its standard of care when it purposefully, negligently, or recklessly supplied a defective and/or decayed tow rope which was not sufficiently strong to support the weight of KRISPIN and the inflatable raft, causing the inflatable raft to buck or jerk suddenly causing KRISPIN to fall and sustain injury.

25. BAYWATCH further breached its standard of care when it failed to warn KRISPIN of any dangers associated with riding the inflatable raft.

26. BAYWATCH further breached its standard of care when it caused the operation of the deck boat – through its captain – at an excessive rate of speed, erratically, which constitutes an unsafe, reckless and/or negligent manner.

27. As a direct and proximate cause of BAYWATCH's breach of its duty to KRISPIN, he suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature, and KRISPIN will require future medical care and/or surgeries.

28. At all times material, the deck boat captain was an employee or agent of BAYWATCH, and under its direction and/or control.

29. At all times material, BAYWATCH is vicariously liable for the actions and/or omissions of its captain.

WHEREFORE, Plaintiff, ELAZAR YACOB KRISPIN demands judgment against Defendant, BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC. in his favor for compensatory damages, costs, and any other relief this Court deems just and proper.

**COUNT II – ALTERNATIVE CLAIM FOR NEGLIGENCE AGAINST CAPTAIN JOE'S**

30. KRISPIN re-alleges and re-asserts the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein.

31. CAPTAIN JOE'S owned and operated the boat and its appurtenances (including the tow rope) that towed the inflatable raft and owes a high standard of care in operating dangerous instrumentalities per Fla. Stat. §327.32 to its passengers or customers, which KRISPIN was.

32. CAPTAIN JOE'S breached its standard of care when it purposefully, negligently, or recklessly supplied a defective and/or decayed tow rope which was not sufficiently strong to support the weight of KRISPIN and the inflatable raft, causing the inflatable raft to buck or jerk suddenly, causing KRISPIN to fall and sustain injury.

33. CAPTAIN JOE'S further breached its standard of care when it failed to warn KRISPIN of any dangers associated with riding the inflatable raft.

34. CAPTAIN JOE'S further breached its standard of care when it caused the operation of the deck boat – through its captain – at an excessive rate of speed, erratically, which constitutes an unsafe, reckless and/or negligent manner.

35. As a direct and proximate cause of CAPTAIN JOE'S breach of its duty to KRISPIN, he suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of

a previously existing condition.  The losses are either permanent or continuing in nature, and KRISPIN will require future medical care and/or surgeries.

36. At all times material, the deck boat captain was an employee or agent of CAPTAIN JOE'S, and under its direction and/or control.

37. At all times material, CAPTAIN JOE'S is vicariously liable for the actions and/or omissions of its captain.

WHEREFORE, Plaintiff, ELAZAR YACOB KRISPIN demands judgment against Defendant, CAPTAIN JOE'S BOAT CLUB, INC. in his favor for compensatory damages, costs, and any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

KRISPIN hereby demands a jury trial on all claims, defenses, and issues raised in the entire case, and that are so triable as a matter of law.

Dated this 13th day of July, 2017.

                        Respectfully submitted,

                        ALTON C. HALE, JR., P.A.
*Counsel for Plaintiff, Elazar Yacob Krispin*
1655 Palm Beach Lakes Blvd., #500
West Palm Beach, FL 33401
Tel: (561) 296-5444
Fax: (561) 295-5446
Email: alton@altonhalelaw.com

By: *s/ Alton C. Hale, Jr.*
     ALTON C. HALE, JR.
     Florida Bar No. 987190

AND

*Complaint*

                        JANSSEN, SIRACUSA & KEEGAN PLLC
                        *Co-Counsel for Plaintiff, Elazar Yacob Krispin*
                        120 S. Olive Avenue, Suite 504
                        West Palm Beach, FL 33401
                        Tel.: (561) 420-0583
                        Fax: (561) 420-0576
                        Email: jjanssen@jasilaw.com
                        Email: jsiracusa@jasilaw.com

                        By: ***s/ Joseph W. Janssen, III*_____**
                              JOSEPH W. JANSSEN, III
                              Florida Bar No. 160067
                              JOHN M. SIRACUSA
                              Florida Bar No. 159670