UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-22619-Williams/Torres

ELZAR YACOB KRISPIN,

    Plaintiff,

vs.

BAYWATCH BOAT RENTALS,
TOURS & CHARTERS, INC. d/b/a
CAPTAIN JOE'S BOAT RENTALS,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC. d/b/a CAPTAIN JOE'S BOAT CLUB, INC. (hereinafter "BAYWATCH"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's the Complaint, as follows:

## ANSWER

1. Admitted the claim is governed by the General Maritime Law of the United States. Defendant is without knowledge as to the remainder of the allegations in this paragraph and demands strict proof thereof.

2. Admitted for the purposes of jurisdiction in this case only.

3. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

4. Admitted BAYWATCH is a Florida Company with its principal place of business in Florida. Balance denied as phrased.

5. Denied. Captain Joe's is the d/b/a for BAYWATCH.

6. Admitted venue is proper. Defendant is without knowledge as to the remainder of the allegations in this paragraph and demands strict proof thereof.

## General Allegations

7. Admitted.

8. Denied. Captain Joe's is the d/b/a for BAYWATCH.

9. Admitted BAYWATCH owns vessels used in the course and scope of its business; otherwise the allegations in Paragraph 9 are denied.

10. Admitted BAYWATCH owns vessels used in the course and scope of its business; otherwise the allegations in Paragraph 10 are denied.

11. Admitted BAYWATCH bareboat charters vessels; otherwise the allegations in Paragraph 11 are denied.

12. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

13. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

14. Denied.

15. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

16. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

17. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

18. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

19. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

20. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

21. Defendant is without knowledge as to the allegations in this paragraph and demands strict proof thereof.

### Count I – Negligence Against Baywatch

22. BAYWATCH re-alleges and reasserts its answer to the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### Count II – Alternative Claim for Negligence Against Captain Joe's

30. BAYWATCH re-alleges and reasserts its answer to the allegations in paragraphs 1 through 21 as if fully set forth herein.

31. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 31 are denied.

32. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 32 are denied.

33. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 33 are denied.

34. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 34 are denied.

35. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 35 are denied.

36. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 36 are denied.

37. Captain Joe's is not a legal entity but rather the d/b/a for BAYWATCH; otherwise the allegations in Paragraph 37 are denied.

## **AFFIRMATIVE DEFENSES**

Having answered the Complaint of Plaintiff, Defendant BAYWATCH hereby asserts the following affirmative defenses:

1. Defendant affirmatively avers that the general maritime law of the United States is the controlling substantive law applicable to Plaintiff's claims.

2. Defendant affirmatively avers that it is entitled to exoneration from or limitation of liability pursuant to 46 U.S.C. § 30505 *et seq*.

3. Defendant affirmatively avers that Plaintiff's damages were caused either in whole or in part by his own acts of negligence, including but not limited to the failure to exercise reasonable care for his own safety, and any award should be reduced in accordance with the principles of comparative fault.

4. Defendant affirmatively avers that to the extent Defendant is found liable for any of Plaintiff's damages, Defendant is entitled to a set-off for any and all monies paid or written-off on behalf of Plaintiff, as well as monies received from collateral sources.

5. Defendant affirmatively avers that there was no negligence on the part of Defendant.

6. Defendant affirmatively avers that it is not liable to Plaintiff for any damages suffered by him that were caused by other trauma or illness in his lifetime.

7. Defendant affirmatively avers that it exercised due diligence to make and maintain the vessel in all respects seaworthy and fit for the use in which it was engaged.

8. Defendant affirmatively avers that the Plaintiff's alleged damages, if any, were done, occasioned and incurred without the privity and knowledge of Defendant.

9. Defendant affirmatively avers that Plaintiff's injuries are limited to association of a pre-existing condition, if any, and are limited to the degree of aggravation of these injuries.

10. Defendant affirmatively avers that Plaintiff's injuries, if any, were the result of intervening and unforeseeable causes from which Defendant had no duty to protect Plaintiff.

11. Defendant affirmatively avers that Plaintiff failed to mitigate his damages and any recovery should be reduced by his failure to mitigate damages.

12. Defendant affirmatively avers that Plaintiff's alleged damages, if any, were caused by the acts and omissions of third parties over whom the Defendant has no control.

Defendant expressly reserves the right to amend these affirmative defenses as the case develops through discovery.

WHEREFORE, having answered the Complaint and asserted the above affirmative defenses, Defendant respectfully prays that the Court enter judgment in favor of Defendant.

Dated:   September 19, 2017

  /s/  *Craig P. Liszt*
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

  /s/  *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
*Attorneys for Defendant*

/1236440/38

## SERVICE LIST

**Joseph W. Janssen,, III**
Florida Bar No. 160067
jjanssen@jasilaw.com
**John M. Siracusa**
Florida Bar No. 159670
jsiracusa@jasilaw.com
Janssen, Siracusa & Keegan PLLC
120 S. Olive Avenue, Suite 504
West Palm Beach, FL  33401
Telephone: (561) 420-0583
Facsimile:  (561) 420-0576
*Attorneys for Plaintiff,*
*Elazar Yacob Krispin*

**Alton C. Hale, Jr.**
Florida Bar No.
alton@altonhalelaw.com
Alton C. Hale Jr, P.A.
1655 Palm Beach Lakes Boulevard
The Forum building, Suite 500
West Palm Beach, FL  33401
Telephone: (561) 296-5444
Facsimile:  (561) 296-5446
*Co-Counsel for Plaintiff,*
*Elazar Yacob Krispin*

**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant*
*Baywatch Boat Rentals, Tours & Charters, Inc.*